■ In the Matter of ANNA BAJENA, Respondent, v DARIUSZ BAJENA, Appellant. [983 NYS2d 431]—

In a family offense proceeding pursuant to Family Court Act article 8, Dariusz Bajena appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated November 9, 2012, which, after a fact-finding hearing, and upon a finding that he committed the family offense of harassment in the second degree, directed him, inter alia, to stay away from the petitioner for a period up to and including November 9, 2014.

Ordered that the order of protection is affirmed, without costs or disbursements.

After the petitioner commenced this family offense proceeding against the appellant, the appellant expressed a desire to represent himself. The Family Court appointed counsel for the appellant against his wishes, and the appellant discharged the court-appointed counsel, again expressing the desire to represent himself. The court conducted a searching inquiry designed to insure that the appellant was aware of the dangers and disadvantages of proceeding without counsel (*see People v Crampe*, 17 NY3d 469, 481 [2011]), and thereafter allowed the appellant to proceed pro se. After a fact-finding hearing, the court found that the appellant committed the family offense of harassment in the second degree, and directed him, inter alia, to stay away from the petitioner for a period of two years.

Since the appellant did not make a request for substituted counsel, but instead requested to represent himself, the Family Court, contrary to the appellant's contention, did not have a duty to inquire as to the nature of the appellant's disagreement with his court-appointed counsel in order to determine whether good cause existed for a substitution of counsel (*see People v Porto*, 16 NY3d 93, 99-100 [2010]). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.